MARTHA E. ARMSTRONG, Plaintiff, v. ROGDON HOLDING CORPORATION and Others, Defendants.

Supreme Court, New York County, December 22, 1930.

*Kiddle, Margeson & Hornidge*, for the plaintiff.

*Gordon, Tally & Gordon*, for the defendants.

TOWNLEY, J.   Action to foreclose a second mortgage on premises No. 50 Lenox avenue for default in payment of taxes.   The bond and mortgage were made on or about July 10, 1929, for the sum of $18,000, payable in installments, and contained usual acceleration clause upon default in payment of taxes for fifteen days after written notice and demand.   The mortgagor having failed to pay taxes for the last half of 1929, due November 1, 1929, the mortgagee during December, 1929, made several demands of mortgagor for the payment of these taxes without success, and on or about January 4, 1930, served the mortgagor with a formal written notice and demand (Real Prop. Law, §§ 254, 258), requiring said overdue taxes to be paid within fifteen days.   The written demand for payment was not complied with, and on January 29, 1930, at the expiration of the fifteen days, the mortgagee started this foreclosure suit, and served the summons and complaint herein upon the mortgagor, the defendant herein.   The defendant mortgagor contends that under the circumstances in this case equity should relieve against the foreclosure of the mortgage, contending (1) the default of the mortgagor was merely technical and inadvertent and not deliberate or intentional or willful, and has resulted in no financial detriment to the mortgagee or impairment of the security; (2) that the overdue taxes were duly paid by the mortgagor on January 30, 1930, the day after this suit was commenced, and proper receipted tax bills were exhibited to the attorneys for the plaintiff on the same day; that a tender was then made to pay the costs and disbursements of this action, and that offer or tender is still good; (3) that prior to suit the mortgagee agreed with the mortgagor to postpone the required payment of these overdue taxes until the middle of February, 1930; (4) that a payment on January 10, 1930, by the mortgagor and its acceptance by the mortgagee, of a stated installment of principal and interest then due under the terms of the mortgage, operates as a waiver of the right of the mortgagee to prosecute this foreclosure suit; and (5) that during December, 1929, and January, 1930, the mortgagor was impoverished and without funds to meet the required tax payment.

The covenant in a mortgage providing for an acceleration of the debt on default of payment of taxes will be enforced in equity as written, unless the conduct of the mortgagee in fostering the default is unconscionable and not consistent with good conscience.   Such a covenant does not differ in substance and effect from an acceleration

clause in mortgages affecting payment of interest or an installment of principal. Such covenants are deemed neither a penalty nor a forfeiture, and, when fairly made and fairly enforced, equity will not relieve against their strict performance. I consider and hold that the mortgagor failed to establish any agreement or understanding on the part of the mortgagee that payment of these overdue taxes should be postponed until the middle of February, 1930.

The payment of the installment of principal and interest due January 10, 1930, by the terms of the mortgage, in no way waives or relieves the mortgagor from its default in non-payment of the said overdue taxes. The circumstances disclosed in this record evidence no unconscionable conduct fostering the default on the part of the mortgagee, but, on the other hand, establish the giving of proper and timely notice after the mortgagor was in default that the mortgagee would enforce the letter of his bargain, unless the mortgagor relieved himself of his default and made payment of the overdue taxes by January 29, 1930, a course of fair dealing without oppression. The neglect of the mortgagor to pay these taxes on November 1, 1929, their due date, might have been inadvertent, but, after such default was called to its attention, and after fair and reasonable opportunity was afforded the mortgagor by the formal written notice of January 4, 1930, that the mortgagee would strictly enforce her rights, the final default of the mortgagor was made with full knowledge of its resulting consequences, and must be held to have been intentional, deliberate, continuous and willful, and shows that the mortgagor preferred default to payment. When fairly enforced, as here, mere improvidence or neglect or poverty is not a sufficient basis for relief in equity from foreclosure under a mortgage acceleration clause.

The decision in *Graf* v. *Hope Building Corp.* (254 N. Y. 1, 4, May, 1930) is controlling here. It was there stated in the prevailing opinion of Judge O'BRIEN: " On the undisputed facts as found, we are unable to perceive any defense to the action. * * * Plaintiffs may be ungenerous, but generosity is a voluntary attribute and cannot be enforced even by a chancellor. Forbearance is a quality which under the circumstances of this case is likewise free from coercion. Here there is no penalty, no forfeiture, * * * nothing except a covenant fair on its face to which both parties willingly consented. It is neither oppressive nor unconscionable. * * * In the absence of some act by the mortgagee which a court of equity would be justified in considering unconscionable, he is entitled to the benefit of the covenant. * * * Defendant's mishap, caused by a succession of its errors and negligent omissions, is not of the nature requiring relief from its default. Rejection of

plaintiffs' legal right could rest only on compassion for defendant's negligence. Such a tender emotion must be exerted, if at all, by the parties rather than by the court. Our guide must be the precedents prevailing since courts of equity were established in this State. Stability of contract obligations must not be undermined by judicial sympathy. * * * We feel that the interests of certainty and security in real estate transactions forbid us, in the absence of fraud, bad faith or unconscionable conduct, to recede from the doctrine that is so deeply imbedded in equity."

In the dissenting opinion of Chief Judge CARDOZO it is stated: " In general [acceleration clauses], it is true, they will be enforced as they are written. * * * Less favor has been shown to a provision for acceleration of a mortgage in default of punctual payment of taxes or assessments. * * * In the one case as in the other, in foreclosure for default of taxes just as in foreclosure for default of interest, the privilege of acceleration is absolute in the event of a default, if the privilege is to be measured by the language of the covenant. The distinction lies in this only, that the punctual payment of interest has an importance to the lender as affecting his way of life, perhaps the very means for his support, whereas the importance of payment of the taxes is merely as an assurance of security. The difference is not one of kind, for the provision is enforcible even as to taxes if the default is continuous or willful; it is a difference merely of degree, the purpose of the payment being referred to as a test wherewith to gauge the measure of the hardship, the extent of the oppression. * * * Especially is it fair if there is a period of grace * * * whereby a reasonable leeway is afforded to inadvertence and improvidence. * * * Equity declines to intervene at the instance of a suitor who after fostering the default would make the court his ally in an endeavor to turn it to his benefit."

The cases relied on by defendant show payment of overdue taxes or interest before suit was commenced; miscarriage of checks timely mailed; and failure of mortgagee to give affirmative timely notice to defaulting mortgagor that, unless payment would be made within a stated time thereafter, foreclosure would be enforced, and such cases are not applicable to the facts here.

Judgment is awarded to plaintiff for the relief asked for in the complaint, with costs of action. Motions by defendant to dismiss made at close of plaintiff's case and at close of entire case are denied, with proper exceptions to defendant. Twenty days' stay and thirty days to make a case. Present decision containing findings of fact and conclusions of law and the judgment on notice.